UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA JENNIFER MORALES,<br><br>                                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:  22cv1205-NLS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

Before the Court is Plaintiff Esmeralda Jennifer Morales's complaint seeking judicial review of the Social Security Administration's decision and accompanying motion for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 1, 3.  After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP.

## I.      Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court.  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Social security appeals are not exempt from this § 1915(e) screening requirement.  *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint in a social security appeal is "not exempt from the general rules of civil pleading."  *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong."  *Hoagland*, 2012 WL 2521753, at *3.  Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is

insufficient to satisfy a plaintiff's pleading requirement. *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision"). The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint. Plaintiff filed her claim for benefits in 2021. ECF No. 1 at ¶ 6. The ALJ denied her benefits on February 15, 2022. *Id.* at ¶ 7. Plaintiff alleges that the ALJ erred in denying her benefits for two reasons: (1) that the ALJ did not clear and convincing reasons for rejecting symptom and limitation testimony that Morales could not go out of her house alone due to post-traumatic stress disorder; and (2) that the ALJ did not properly weigh medical evidence that Morales had more limitations as expressed by her licensed marriage and family therapist. *Id.* at ¶ 8. The Court finds that the complaint has included sufficient details in this regard to survive § 1915 screening.

## II.   Motion to Proceed In Forma Pauperis

Having found that Plaintiff's complaint survives screening, the Court turns to her

ability to proceed without payment of the required fees. It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff states that she does not have a job and her only income is monthly disability in the amount of $3,548.61. ECF No. 2 at 2. Plaintiff has $0 in cash and $205.96 in her checking account. *Id.* at 2. Plaintiff has a car worth $25,000. *Id.* Plaintiff states that she is a single mom, with two kids aged 17 and 3. *Id.* at 5. Plaintiff and her family incur monthly expenses including rent, utilities, food, laundry, medical/dental expenses, transportation, car insurance, and a vehicle payment totaling $3,531.00. *Id.* at 4-5.

Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that she is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

### III. Conclusion

Accordingly, for the reasons as set forth above, the Court **GRANTS** Plaintiff's motion

to proceed *in forma* pauperis and **ORDERS** as follows:

1. The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying her IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on the form. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Defendant shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and consistent with Civil Local Rule 7.1(e)(6).

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel of Defendant and the date of service.

**IT IS SO ORDERED.**

Dated: August 18, 2022

Hon. Nita L. Stormes
United States Magistrate Judge