UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA JENNIFER MORALES,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | Case No.: 22-CV-1205-SBC<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I.     INTRODUCTION

This Action arises from the Commissioner of Social Security's ("Commissioner" or "Defendant") denial of Esmeralda Jennifer Morales' ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act ("Title II"). On December 5, 2022, Plaintiff filed her Motion for Summary Judgment ("Plaintiff's Motion"). (Doc. No. 15.) On January 30, 2023, Defendant filed its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion ("Defendant's Cross-Motion"). (Doc. No. 18.) Plaintiff declined to reply to Defendant's Cross-Motion. On July 7, 2023, the Action transferred to this Court from then-presiding Magistrate Judge Nita L. Stormes. (ECF No. 21.) The Parties' motion practice is now ripe for this Court's resolution. Having considered the

Parties' submissions and the entirety of the administrative record, the Court GRANTS Plaintiff's Motion, DENIES Defendant's Cross-Motion, and explains below.

## II. PROCEDURAL HISTORY

On February 12, 2018, Plaintiff filed a Title II application for disability insurance benefits ("application"), alleging she could no longer work due to a disability that began on November 17, 2012. (AR 196-202.) On April 13, 2021, the Commissioner denied Plaintiff's application. (AR 63-78). On August 10, 2021, the Commissioner denied Plaintiff's application again, following Plaintiff's June 10, 2021, request for reconsideration. (AR 76-97; 110.) Consequently, on August 22, 2021, Plaintiff requested a hearing on her application before an administrative law judge ("ALJ"). (AR 117-118.) On January 11, 2022, ALJ Randolph E. Schum ("ALJ Schum") convened a telephonic administrative hearing on Plaintiff's application. (AR 42-62.) Plaintiff appeared along with her attorney at the time, David S. Klain. (AR 27.) Impartial vocational expert, Gayle M. Tichauer, ("VE Tichauer") and Plaintiff's therapist, Kathryn Webb, ("Webb") were also present. (*Id.*) Plaintiff, VE Tichauer, and Webb each testified at the hearing. (*Id.*) On February 15, 2022, ALJ Schum issued a Notice of Decision ("Decision") that found Plaintiff was not disabled and that denied Plaintiff an award of disability insurance benefits. (AR 24-41.) On April 18, 2022, Plaintiff requested the Appeals Council's review of ALJ Schum's Decision. (AR 193.) On June 23, 2022, the Appeal's Council denied Plaintiff's request and thus finalized ALJ Schum's Decision. (AR 4-9.) On August 18, 2022, Plaintiff filed the operative Complaint in this Action. (Doc. No. 1.)

## III. FACTUAL BACKGROUND

### a. Plaintiff's Medical History

Plaintiff is 36 years old and alleges that she suffers from medical conditions that have rendered her disabled and not able to work since November 17, 2012. (AR 46; 196-202.) Plaintiff obtained approximately three years of college-level education. (AR 46.) Prior to November 17, 2012, Plaintiff served in the United States Navy, where she worked as an armed security guard and performed clerical services for the Navy's aviation

administration. (AR 46-47.) Aside from her employment with the Navy, Plaintiff previously worked as an unarmed security guard in the private sector and as a hostess at a restaurant. (AR 47-48.)

During the January 11, 2022, administrative hearing, Plaintiff testified that her psychiatric impairments consist of post-traumatic stress disorder ("PTSD") and seizures. (AR 48-49.) Plaintiff elaborated that her psychiatric impairments cause her to experience symptoms that contribute to her inability to work reliably. (AR 47.) Specifically, Plaintiff stated that she experiences debilitating panic attacks, severe migraines, sleep deprivation, and seizures that prevent her from working consistently. (AR 47-49; 51.) Plaintiff added that her panic attacks began in 2010 and worsened over time. (AR 52.) Plaintiff elaborated that her symptoms became exacerbated to the point that she was checked into inpatient treatment at a hospital in 2018 and 2019. (*Id*.)

During the administrative hearing, ALJ Schum asked Plaintiff about her use of medication to manage her symptoms. (AR 48-49.) Plaintiff stated she took medication for her seizures in the past but stopped taking the medication in 2019 once she became pregnant. (AR 49.) Plaintiff added that she took and continues to take prescribed medication for her migraines and difficulty sleeping. (AR 49-50.) Plaintiff further testified that she takes Zoloft and Trazodone for her psychiatric impairments and that, despite taking the medication as prescribed, she still experiences panic attacks and sleep deprivation that contribute to her inability to work reliably. (AR 51.)

### b. ALJ Schum's Decision

To assess Plaintiff's stated disability, ALJ Schum conducted the five-step sequential analysis applicable to claims for disability insurance benefits under Title II. *See* 20 C.F.R. §§ 404.1520, 416.920. As noted below, ALJ Schum concluded that Plaintiff did not meet the definition of a disabled individual from November 17, 2012, through September 30, 2018. (*See generally* AR 24-41.) In his Decision, ALJ Schum made the following findings of fact and conclusions of law:

/ / /

(1) Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2018. (AR 29.);

(2) Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of November 17, 2012, through September 30, 2018, the date she was last insured. (AR 30 [citing 20 CFR 404.1571, *et seq*.].);

(3) Through September 30, 2018, Plaintiff had four severe impairments, namely anxiety, depressive, PTSD, and seizure disorders. (AR 30 [citing 20 C.F.R. 404.1520(c).].);

(4) Through September 30, 2018, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (AR 30 [citing 20 CFR 404.1520(d), 404.1525, 404.1526.].);

(5) Through September 30, 2018, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations, namely (1) never climbing ropes, ladders, or scaffolds; (2) avoiding concentrated exposure to unprotected heights; (3) and not working in a setting which included constant or regular contact with the general public or more than occasional handling of customer complaints. (AR 32.) In so finding, ALJ Schum noted Plaintiff (1) was able to understand, remember, and carry out simple instructions and tasks; and (2) could respond appropriately to supervisors and co-workers in a task-oriented setting where contact with others was casual and not more than occasional. (*Id.*);

(6) Through September 30, 2018, Plaintiff was not able to perform any of her past relevant work. (AR 35 [citing 20 CFR 404.1565.].);

(7) As of the date she was last insured, Plaintiff was 31 years old, which constitutes a younger individual between the ages of 18 and 49. (AR 36 [citing 20 CFR 404.1563.].);

(8) Plaintiff had at least a high school education. (AR 36 [citing 20 CFR 404.1564.].);

(9) Transferability of job skills was not material to ALJ Schum's non-disability finding because using the Medical-Vocational Rules as a framework supported a finding that

Plaintiff was "not disabled," regardless of whether Plaintiff had transferable job skills. (AR 36 [citing SSR 82 – 41; 20 CFR Part 404, Subpart P, Appendix 2.].);

(10) Through September 30, 2018, and in considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (AR 36 [citing 20 CFR 404.1569; 404.1569(a).].) ALJ Schum adopted VE Tichauer's testimony that Plaintiff could perform work as (1) a kitchen helper; (2) a routing clerk; or (3) a housekeeping cleaner, after finding VE Tichauer's testimony "consistent with the information contained in the Dictionary of Titles." (*Id*.)

## IV. LEGAL STANDARD

Title II of the Social Security Act authorizes a claimant to seek judicial review if she is dissatisfied with the Commissioner's final decision on her disability benefits application. 42 U.S.C. § 405(g). A district court will not disturb the Commissioner's decision unless it is based on legal error or not supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence means more than a scintilla but less than a preponderance. *Id.*; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Courts review the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When reviewing the record, courts are deferential to the ALJ because the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Id.*; *Barbee v. Kijakazi*, 2022 WL 2345921, at *5 (S.D. Cal. June 28, 2022) (citing same). If the evidence is subject to more than one rational interpretation, the ALJ's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (emphasis added).

/ / /

/ / /

## V. DISCUSSION

### a. ALJ Schum's Evaluation of Plaintiff's Subjective Testimony

The sole issue before the Court is whether ALJ Schum properly evaluated Plaintiff's subjective testimony when he discounted Plaintiff's credibility. When assessing a claimant's credibility, the ALJ must "consider all of the evidence presented, including information about prior work record." 20 C.F.R. § 404.1529(c)(3). To that end, "the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995); *Coffmann v. Berryhill*, 2018 WL 6419676 at *5 (E.D. Cal. Dec. 6, 2018) (citing same). A two-step inquiry controls the ALJ's assessment of a claimant's testimony regarding her subjective pain or the intensity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce pain or other symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (explaining the claimant need not show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."). Second, if the claimant meets the first prong, the ALJ must then state "specific, clear, and convincing reasons" for rejecting the claimant's testimony about the severity of her symptoms. *Id*.

At the January 11, 2022, administrative hearing, Plaintiff testified that she experienced symptoms arising from her PTSD and seizures that prevented her from working reliably. (AR 47.) Plaintiff explained that she could not maintain consistent employment due to severe migraines, sleep deprivation, seizures, and panic attacks that worsened over time. (AR 47; 49; 51-52.) Plaintiff added that her psychiatric impairments led her to two inpatient hospitalizations in 2018 and 2019 after she reported experiencing suicidal ideations. (AR 33.) ALJ Schum found Plaintiff's testimony to be only partially credible, and he discounted Plaintiff's testimony accordingly. (AR 33.) ALJ Schum noted that Plaintiff's "medically determinable impairments could reasonably be expected to

cause some of the alleged symptoms" but her testimony regarding "the intensity, persistence, and limiting effects of these symptoms was not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In doing so, ALJ Schum cited to Plaintiff's medical records dating back to 2014 and extending through 2018. ALJ Schum acknowledged that the records corroborated Plaintiff's diagnoses with depression, PTSD, and suicidal ideation and showed Plaintiff's treatment "through counseling, psychotherapy, and the use of medication." (*See id.*) ALJ Schum then observed that "Despite this increase in symptoms, [Plaintiff] did not experience an actual inpatient hold due to increased psychiatric symptoms until October 2018 and again in July 2019." (*Id.*)

ALJ Schum did not explain why he found a tension between Plaintiff's "increase in symptoms" for depression, PTSD, and suicidal ideation and the fact that Plaintiff "did not experience an actual inpatient hold due to increased psychiatric symptoms until October 2018 and again in July 2019." (AR 33.) Instead, ALJ Schum stated that "the records in the file showed [Plaintiff] received a level of treatment commensurate with the allegations [Plaintiff] presented with at the time [she] had acute symptoms." (AR 33.) Taken alone, the statement appears to support Plaintiff's credibility due to the alignment between the objective medical record and Plaintiff's contentions regarding her symptoms, as ALJ Schum noted. However, ALJ Schum added that Plaintiff's "[treatment] records showed that, prior to the date last insured, [Plaintiff] received treatment within a short period of time with gaps between her treatment visits lasting at times a few months." (AR 34.) From there, ALJ Schum concluded that Plaintiff's credibility merited discounting due to "multiple gaps in care," where Plaintiff "appeared to only seek treatment when her symptoms worsened because of other factors and stressors." (AR 35.)

Coupled with the citations to the record stated above, ALJ Schum's factual observation as to Plaintiff's "multiple gaps in care" was the most insight ALJ Schum provided regarding his decision to discount Plaintiff's credibility. The statement conveyed ALJ Schum's belief that Plaintiff underwent treatment for her mental health symptoms at a rate that was too infrequent to support Plaintiff's credibility. Without more, however, the

Court finds ALJ Schum's Decision is not supported by substantial evidence. While "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," an ALJ must still "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Carmickle v. Commissioner, Social Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). As discussed in greater detail below, the law imposes a requirement of specificity, which the Court finds to be lacking in ALJ Schum's Decision.

As a threshold matter, the Commissioner does not address ALJ Schum's silence as to what specific testimony Plaintiff proffered that ultimately undermined her credibility regarding the extent of her symptoms. Instead, the Commissioner argues that ALJ Schum properly discredited Plaintiff's credibility as to the intensity, persistence, and limiting effects of [Plaintiff's] symptoms based on ALJ Schum's conclusion that Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence in the record." (AR 33.) To support its argument, the Commissioner points to ALJ Schum's summary of Plaintiff's ability to engage in various daily life activities despite her suicide attempts, such as caring for her two children, driving, paying bills, preparing meals, doing laundry, buying groceries online, interacting with medical providers, and maintaining a relationship with her live-in boyfriend. (Doc. No. 6, 6:5-19.)

Plaintiff's various daily life activities are insufficient to sustain ALJ Schum's credibility assessment. *Contreras v. Saul*, 477 F. Supp. 3d 1107, 1123–24 (S.D. Cal. Apr. 3, 2020) (concluding same after the ALJ did not offer "specific, clear, and convincing reasons" for discounting Plaintiff's testimony even though the ALJ "refer[red] to various specific activities of daily living" such as plaintiff caring for her son, gardening, watching television, cooking, and grocery shopping, after she attempted suicide.); *Erika M. v. Kijakazi*, 2023 WL 5042875, at *10 (S.D. Cal. Aug. 8, 2023) ("Even if the ALJ had articulated Plaintiff's daily activities as a reason to reject part of her testimony, the Ninth Circuit has "repeatedly asserted that the mere fact that a plaintiff has carried on certain

daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (citing *Vertigan v. Halter*, 260 F. 3d 1044, 1050 (9th Cir. 2001)); *Haas v. Saul*, 2021 WL 615053, at *19 (S.D. Cal. Feb. 17, 2021) (finding harmful error where the ALJ's "reason for discounting plaintiff's statements [about his anxiety, panic attacks, and inability to focus] was not clear and convincing" because the decision lacked citations to specific testimony, emphasized plaintiff's ability to email his doctors and engage in other daily living activities, and overlooked plaintiff's testimony regarding his symptoms.).

Specific to the "multiple gaps in care" that ALJ Schum cited in his Decision, the Commissioner reiterates ALJ Schum's statements on the matter without offering substantive analysis. The Commissioner instead restates ALJ Schum's factual observation that Plaintiff's treatment records revealed "months-long gaps between treatment" and that "Plaintiff largely sought treatment when experiencing situational stressors." (AR 35; Doc. No. 18, 6:28-7:6.) From there, the Commissioner concludes that ALJ Schum "properly found that Plaintiff's treatment history did not support her allegations of disabling mental limitations." (Doc. No. 18, 7:5-6.) The Court declines to adopt the Commissioner's position. The Decision's "lack of specificity prevents the Court from properly analyzing the ALJ's reasoning for discrediting Plaintiff's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."); *Nicholas S. B. v. Saul*, 2021 WL 4932551, at *7 (N.D. Cal. Mar. 29, 2021) (stating same); *Michael Louis W. v. Kijakazi*, 2022 WL 2701988, at *10 (S.D. Cal. July 12, 2022) (finding harmful error where the ALJ failed to specify which of Plaintiff's statements regarding pain and physical dysfunction he discredited); *Erika M.*, 2023 WL 5042875, at *10 (same and concluding that "the ALJ failed to give specific, clear and convincing reasons' for finding that Plaintiff's symptoms are under control").

/ / /

/ / /

ALJ Schum was required to identify which specific portions of Plaintiff's symptom testimony purportedly conflicted with the objective evidence when ALJ Schum found Plaintiff's "multiple gaps in care" undermined her credibility regarding the extent of her symptoms. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). ALJ Schum did not do so in his Decision. Further, ALJ Schum failed to explain why Plaintiff's "multiple gaps in care" undermined Plaintiff's credibility to any extent. Such circumstances constitute harmful error. *Erika M.*, 2023 WL 5042875, at *10 (finding harmful error and explaining that "although not explicitly stated, the ALJ seems to discredit Plaintiff's testimony based on Plaintiff's symptoms being purportedly managed with proper medication compliance. However, the ALJ failed to demonstrate why this undermines Plaintiff's overall complaints."); *Heather W. v. Saul*, 2020 WL 7642597, at *16 (S.D. Cal. Dec. 23, 2020) (finding harmful error where the ALJ's decision "did not identify the testimony the ALJ sought to discredit by his finding [that] she never sought inpatient mental health treatment for her suicidal ideations" and where "the decision fails to explain why such a failure to seek inpatient treatment in her case undermines her testimony. What the decision asks the reviewing Court to do is accept this single statement in a vacuum, without any context and explanation."); *Nicholas S. B.*, 2021 WL 4932551, at *7 ("Under Ninth Circuit authority, [the ALJ's] analysis is insufficient. Nowhere did the ALJ identify which portions of Plaintiff's testimony were credible and which were not, nor did the ALJ provide 'specific, clear and convincing' reasons for finding those portions of Plaintiff's testimony not credible.") (citing *Lingenfelter*, 504 F.3d at 1036); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (noting that the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (emphasizing the importance of specific, clear, and convincing reasons to support an ALJ's decision and noting that even "a lack of objective medical evidence to support the intensity of symptoms is insufficient, standing alone, to discount a claimant's testimony.").

ALJ Schum further erred by failing to cite to objective records showing that "Plaintiff should have pursued more aggressive treatment options" when ALJ Schum anchored his credibility determination on Plaintiff's "multiple gaps in care." *See A.H. v. Comm'r of Soc. Sec.*, 2020 WL 5443243, at *8 (N.D. Cal. Sept. 10, 2020) (ALJ erred in discounting testimony due to conservative treatment because "the ALJ [did] not cite to records showing that the plaintiff should have pursued more aggressive treatment options."); *see also Agans v. Saul*, 2021 WL 1388610, at *11 (E.D. Cal. Apr. 13, 2021) (explaining "the ALJ does not discuss, nor is it clear from the Administrative Record, what non-conservative treatment options exist for [postural orthostatic tachycardia] syndrome" and concluding "the record d[id] not support a finding that the treatment plaintiff received for her combination of impairments discredits her pain allegations."). ALJ Schum cited to Drs. Paxton and Rivera-Maya's opinions to support his Decision, where both psychiatrists concluded that Plaintiff had "severe mental medically determinably impairments with moderate limitations." (AR 34.) In doing so, ALJ Schum concluded that "the full medical evidence of record showed [Plaintiff] with treatment as needed for acute symptoms but that [Plaintiff's] treatment was also inconsistent with large gaps between visits during the period under consideration." (*Id.*) However, ALJ Schum again failed to specify which portions of Plaintiff's testimony conflicted with specific portions of Drs. Paxton and Rivera-Maya's opinions regarding ALJ Schum's concern over Plaintiff's "multiple gaps" between her mental health treatments. (*Id.*)

For this related reason, ALJ Schum erred in issuing his Decision. *Nicholas S. B.*, 2021 WL 4932551, at *7 (finding error in ALJ's decision and remanding for further administrative proceedings after noting, in relevant part, that "the ALJ once again described [three medical] opinions, but did not specify which portions of plaintiff's testimony these opinions contradicted and why."); *see id.* (stating "If the ALJ had wanted to rely on a lack of treatment to discount Plaintiff's testimony, she would have needed to analyze the reason Plaintiff gave for his lack of treatment, instead of simply noting it.") (citing SSR 16-3p at *9 ("We will not find an individual's symptoms inconsistent with the

evidence in the record [based on lack of treatment] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792–93 (9th Cir. 1997), as amended on reh'g (Sept. 17, 1997) ("In this case, the ALJ disbelieved [plaintiff] because no objective medical evidence supported [plaintiff's] testimony regarding the severity of subjective symptoms from which he suffers, particularly pain. An ALJ may not discredit a claimant's subjective testimony on that basis.").

"To find the claimant not credible the ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), on conflicts between his testimony and his own conduct, or on internal contradictions in that testimony." *Light*, 119 F.3d at 792–93; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (same). As discussed above, ALJ Schum did not do so when he issued his Decision. ALJ Schum neglected to explain why Plaintiff lost credibility merely for "multiple gaps in care" without further analysis, in the absence of specific evidentiary citations, and in light of ALJ Schum's observation that the objective record corroborated Plaintiff's "increase in symptoms" in depression, PTSD, and suicidal ideation. Absent any stated connection between Plaintiff's specific testimony and the relevant medical evidence, the Court is precluded from concluding ALJ Schum appropriately evaluated Plaintiff's credibility.

## VI. CONCLUSION

Given the foregoing, the Court GRANTS Plaintiff's Motion for Summary Judgment and DENIES Defendant's Cross-Motion for Summary Judgment. (Doc. Nos. 15, 18.) The Action shall be REMANDED for further administrative proceedings consistent with the findings of this Order. Finally, the Court DIRECTS the Clerk of this Court to enter

/ / /
/ / /
/ / /
/ / /
/ / /

judgment in favor of Plaintiff and close this case accordingly.

**IT IS SO ORDERED.**

Dated: December 22, 2023

Hon. Steve B. Chu
United States Magistrate Judge